

April 11, 2022

VIA ELECTRONIC FILING

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

**Re:  Chennette, et al, Appellants, v. Porch.com, Inc., et al, Appellees
Case No. 20-35962**

Argued Oct. 4, 2021 before the Honorable Judges Fletcher, Ikuta, and Bress

Response to Defendants' Notice of Supplemental Authority Pursuant to F.R.A.P. 28(j) of April 6, 2022 re *Beal v Outfield Brew House, LLC*

Honorable Judges:

      Defendants' citation to the Eighth Circuit's decisions in *Beal v Outfield Brew House, LLC* has no bearing on this Court's decision concerning Plaintiffs' claims under 47 U.S.C. § 227(b) that Defendants sent messages using an automated telephone dialing system. In fact, it supports Plaintiffs' position.

      First, *Beal* was a decision on **summary judgment**, not a motion to dismiss. The *Beal* Court had before it a complete factual analysis of the system used. Whether an automated telephone dialing system is used is an issue of fact. Where, as here, plaintiffs did not provide their numbers to the defendants, courts have



Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
April 11, 2022
Page 2

found that a dismissal at the pleadings stage is inappropriate. *See, Stewart v. Network Cap. Funding Corp.,* No. CV 21-368-MWF (MAAX), 2021 WL 6618544, at *4 (C.D. Cal. Dec. 9, 2021) (motion must be denied so that plaintiff has the opportunity to discover more facts about the precise technology at the time of the alleged TCPA violations); *Atkinson v. Pro Custom Solar LLC*, No. SA-21-CV-178-OLG, 2021 WL 2669558, at *1 (W.D. Tex. June 16, 2021) ("… no plaintiff will have personal knowledge of the defendant's telephone system at the pleadings stage."); *Delgado v. Pro Custom Sollar Llc*, CAUSE NO. 1:21-CV-251-LY, 2021 U.S. Dist. LEXIS 224397 (W.D. Tex. Nov. 22, 2021) (**cold call solicitation** sufficient to state a claim under the TCPA).

Second, under *Facebook*, an ATDS is a system that either **stores or produces** numbers using a Random and Sequential Number Generator("RSNG"). The *Beal* decision focused on the issue of whether the number was randomly produced in a situation where the numbers came from customers. In this case, it is alleged that the numbers were randomly produced by scraping the internet. Further, the *Beal* court ignored the stored part of the equation. *Facebook* Fn7 addresses whether a number is stored using a RSNG. Plaintiffs herein argue that the numbers were randomly generated and sequentially stored from numbers randomly scraped from the internet. None of the Plaintiffs herein gave their number to Defendants or where their customers. Thus, the *Beal* decision supports Plaintiffs' position, certainly at the Motion to Dismiss stage.



Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
April 11, 2022
Page 3

|  |  |
|---|---|
| DATED April 11, 2022 | Respectfully submitted, |
|  | /s/ *James S. Wertheim* |
|  | James Wertheim (Ohio Bar #0029464) |
|  | LawHQ, LLC |
|  | 299 S. Main St. #1300 |
|  | Salt Lake City, UT 84111 |
|  | 385-285-1090 |
|  | jim@lawhq.com |
|  | *Attorney for Plaintiffs-Appellants* |
|  | *Nathan Chennette, et al.* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Respectfully,

/s/ *James S Wertheim*
James S. Wertheim
*Attorney for Plaintiffs-Appellants*
*Nathan Chennette, et al.*